UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARY ALLEN O/B/O P.A., JR.** | **CIV. ACTION NO. 3:21-01967** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Attorney Fees [doc. # 21] filed by Plaintiff Mary Allen pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the fee request in principle but opposes the motion insofar as it seeks fees that are computed at a rate greater than $175 per hour. (Gov.'t Response [doc. # 25]). As further explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART and that the Commissioner be ordered to pay attorney's fees in the amount of $5,680.00 (28.4 hours at $200.00 per hour), plus costs of $402.00.

**Analysis**

The EAJA states that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not

---

[1] On September 2, 2022, the District Court entered judgment reversing and remanding this case

contest that Plaintiff is entitled to recover fees, and therefore does not contest that Plaintiff is the prevailing party.

I.      **Reasonable Fees**

The EAJA provides, in relevant part, that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). "Section 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988). In the end, "[a]n award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (unpubl.).

When assessing statutorily authorized attorneys' fees, the court first must calculate a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008) (citation omitted).[2] The lodestar amount is presumptively reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir.2013) (citation omitted). However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the circumstances of the case, and the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *McClain, supra*; *Black, supra*.[3]

---

to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 20]).

[2] The Fifth Circuit has adopted the "lodestar" method for determining the reasonableness of fees under the EAJA. *Sanders, supra*.

[3] The district court need not expressly discuss all of the *Johnson* factors so long as it arrives at a

In this case, Plaintiff initially requested an attorney's fee award of $5,929.52, which she computed, as follows: 23.9 hours x $206.55 per hour for work performed in 2021, plus 4.5 hours x $220.66 per hour for work performed in 2022. The Commissioner does not contest the reasonableness of the time expended by counsel, and, thus, neither does the court. (Gov.'t Resp. [doc. # 25]). However, she argues that the court should continue to award fees based on the $175.00 hourly rate that the court has utilized for work performed in Social Security appeals since 2014. *See Montgomery v. Colvin*, Civ. Action No. 14-3120, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), *R&R adopted,* 2016 WL 4705573 (W.D. La. Sept. 8, 2016).

In her reply brief, Plaintiff amended her motion to seek an attorney fee of $5,866.02 based on 28.4 hours of work at a unform hourly rate of $206.55. *See* Pl. Reply Brief [doc. # 26].

In *Carr v. Kijakazi*, this court recently considered prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area, before adopting an hourly rate of $200.00 per hour for pending and future EAJA petitions for services performed in 2021, 2022, and going forward. *See Carr v. Kijakazi*, Civ. Action No. 21-4454 (W.D. La.) (R&R and Judgment [doc. #s 21-22]). Accordingly, multiplying 28.4 hours of work expended on this case times $200.00 per hour produces a lodestar of $5,680.00.

The court now must consider the remaining *Johnson* factors to determine if the lodestar amount should be adjusted. In so doing, the court may not double count any *Johnson* factor that was considered in calculating the lodestar amount. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the

---

just compensation based upon appropriate standards. *Sanders, supra* (citation omitted).

preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565 (1986); *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22. Furthermore, the record in this case does not support an adjustment of the lodestar amount based on the remaining *Johnson* factors. For example, there is no evidence that the case was particularly undesirable. Nor does the nature of the professional relationship between Plaintiff and counsel indicate that an adjustment should be made. Finally, the parties do not urge any adjustment.

## II.     Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses also are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, Plaintiff seeks to recover the filing fee of $402.00. The Commissioner did not interpose an objection, and the court finds that the requested cost is reasonable and necessary.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Plaintiff's Motion for Attorney Fees [doc. # 21] be GRANTED IN PART and DENIED IN PART, and that the Commissioner remit to Plaintiff's counsel a check made payable to Plaintiff Mary Allen for attorney's fees in the amount of $5,680.00 (28.4 hours at $200.00 per hour), plus costs of $402.00.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 3rd day of May, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE